IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**MILDRED THORNTON,**                            Civil Action No. 3:10cv0943

    **Plaintiff,**

v.

**FIRST NATIONAL BANK CREDIT CARD CENTER, INC,**

    **Defendant.**

## COMPLAINT

Plaintiff Mildred Thornton brings this action for damages against the Defendant for unlawful debt collection and other unlawful conduct prohibited by the West Virginia Consumer Credit Protection Act, W. Va. Code § 46A-1-101, *et seq.*, the common law and the public policy of the United States of America and the State of West Virginia.

## PARTIES

1. Mrs. Thornton is, and at all times relevant herein was, a citizen of Putnam County, West Virginia.

2. Defendant First National Credit Card Center, Inc., on information and belief, is a consumer credit company located at 1620 Dodge Street, Omaha, Nebraska, 68197.

## JURISDICTION

3. Jurisdiction is appropriate in this Court because diversity of citizenship exists between both of the parties to this action and the amount in controversy exceeds the statutorily required total of $75,000.

4. Venue is appropriate because the events supporting this action and all damages

accrued by Mrs. Thornton occurred in Putnam County, West Virginia, which is located within the Southern Federal District of West Virginia.

**FACTUAL SUMMARY**

5. On or about July of 2006, Mrs. Thornton opened a Legacy Visa charge-card account with the Defendant.

6. Mrs. Thornton made timely payments to the Defendant every month after her account was established. However, in July of 2009, Mrs. Thornton suffered a crippling back injury that hospitalized her and caused her severe financial distress.

7. Mrs. Thornton continued faithfully making payments until falling behind on her account around November of 2009. Immediately thereafter, the Defendant began calling Mrs. Thornton multiple times per day in an attempt to collect the debt it was allegedly owed.

8. Mrs. Thornton explained her distressed situation to the Defendant and made every effort to make the maximum payments she could afford. However, her pleas were ignored, and the Defendant refused to cease its exhaustive collection efforts unless Mrs. Thornton made excessively high minimum payments that had risen substantially without any explanation from the Defendant.

9. In January 2010, the Defendant's calls continued and increased in frequency.

10. These calls were placed by the Defendant to Mrs. Thornton at clearly inconvenient times, including, but not limited to, after 5 p.m on weekdays and on weekends, including on Sundays at times when Mrs. Thornton was in church or having Sunday dinner with her family.

11. Inexplicably, Mrs. Thornton's balance substantially grew per each statement, but she continued making an effort to pay as much as she could afford towards the balance of her account. However, because the Defendant refused to budge on its demand that she make excessive minimum

payments, she was unable to satisfy the Defendant's demands and the harassing calls continued.

12. By its letter of March 29, 2010, the Defendant represented to Mrs. Thornton: "We encourage you to contact us to review options available to help bring your account current."

13. Mrs. Thornton responded to this compromise offer of the Defendant and attempted to reach a reasonable resolution through, for example, a payment plan requiring minimum payments she could afford.

14. However, Mrs. Thornton's efforts proved to be in vain, as the Defendant again refused to compromise. Indeed, the last billing statement Mrs. Thornton received from the Defendant required an exorbitant minimum payment of $545.50 towards her balance of $672.50. This statement contained no explanation for the outrageous minimum payment demand.

15. On April 21, 2010, Mrs. Thornton clearly and unequivocally informed the Defendant that she was represented by the undersigned counsel with respect to the alleged debt that the Defendant was persistently attempting to collect from her, and specifically informed the Defendant of undersigned counsel's name and address.

16. Nevertheless, the Defendant continued its relentless and obsessive practices to collect its alleged debt by calling Mrs. Thornton on at least sixteen (16) occasions after April 21, 2010, despite Mrs. Thornton's specific notification to the Defendant of her representation by the undersigned counsel.

17. These calls were placed to Mrs. Thornton by representatives of the Defendant that identified themselves by the names of Amy, Patty, Sarah, and Joy.

18. Finally, on seven separate occasions after April 21, 2010, the Defendant threatened Mrs. Thornton by categorically stating that it WOULD NOT contact her identified counsel regarding the alleged claim. The Defendant further threatened that if Mrs. Thornton did not answer questions,

then the calls would continue indefinitely. These statements and threats were made during calls that were placed by the Defendant to Mrs. Thornton on the dates and times listed below:

    i.     May 20, 2010, at 8:52 A.M.

    ii.     May 25, 2010, at 9:25 A.M.

    iii.     May 29, 2010, at 2:52 P.M.

    iv.     June 1, 2010, at 1:49 P.M.

    v.     June 3, 2010, at 12:53 P.M.

    vi.     June 5, 2010, at 11:50 A.M.

    vii.     June 7, 2010, at 9:39 A.M.

## COUNT I: ILLEGAL DEBT COLLECTION
### (In violation of W. Va. Code § 46A-2-125)

19.     The Plaintiff incorporates the preceding paragraphs by reference.

20.     The Defendant repeatedly and excessively caused Mrs. Thornton's telephone to ring and/or engaged her in telephone conversations at times known to be inconvenient with the intent to annoy, abuse, and/or threaten Mrs. Thornton.

21.     These phone calls were placed by Defendant to Mrs. Thornton's cellular telephone in violation of W. Va. Code § 46A-2-125(d).

## COUNT II: ILLEGAL DEBT COLLECTION
### (In violation of W. Va. Code § 46A-2-128(e))

22.     The Plaintiff incorporates the preceding paragraphs by reference.

23.     The Defendant communicated with Mrs. Thornton on at least sixteen (16) occasions after she specifically informed the Defendant on April 21, 2010 that she was represented by an attorney and provided the Defendant with the name and contact information of her attorney.

24.     Each of these communications by the Defendant with Mrs. Thornton represent

individual violations of W. Va. Code § 46A-2-128(e).

## COUNT III: ILLEGAL DEBT COLLECTION
### (In violation of W. Va. Code Sections 46A-2-115, -128)

25. The Plaintiff incorporates the preceding paragraphs by reference.

26. The balance of Mrs. Thornton's account with the Defendant inexplicably grew after she fell behind on her payments for the first time around November of 2009.

27. Defendant has failed to provide Mrs. Thornton with an adequate explanation and itemization of the charges and expenses on her account.

28. Hence, on information and belief, the Defendant has collected and/or attempted to collect default charges, collection expenses and other charges and expenses from Mrs. Thornton in violation of W. Va. Code sections 46A-2-115, -128.

## COUNT IV: TORT OF OUTRAGE

29. The Plaintiff incorporates the preceding paragraphs by reference.

30. The aforementioned actions of the Defendant are extreme and outrageous, and have caused Mrs. Thornton substantial and severe emotional distress.

31. The Defendant's actions were designed to intentionally cause Mrs. Thornton emotional distress. Alternatively, the Defendants knew or should have known that their actions would cause Mrs. Thornton emotional distress.

32. As a result of Defendant's actions towards her, Mrs. Thornton has experienced bodily and psychological harm, and she has undergone extensive treatment and therapy related thereto.

## COUNT V: INVASION OF PRIVACY

33. The Plaintiff incorporates the preceding paragraphs by reference.

34. The aforementioned actions of the Defendant towards Mrs. Thornton represent an unlawful and unreasonable intrusion upon her personal seclusion.

35. As a direct and proximate result of the Defendant's unlawful and unreasonable conduct, Mrs. Thornton has suffered and continues to suffer substantial emotional and mental distress, humiliation, anxiety, embarrassment, depression, aggravation, annoyance and inconvenience.

## COUNT VI: PUNITIVE DAMAGES

36. The Plaintiff incorporates the preceding paragraphs by reference.

37. The aforementioned actions of the Defendant were willful, wanton, and were carried out with reckless disregard for the legal rights of Mrs. Thornton.

38. Therefore, the intentional and unlawful conduct of the Defendant supporting Mrs. Thornton's claims for the torts of outrage and invasion of privacy justify an award of punitive damages.

**WHEREFORE**, Mrs. Thornton respectfully requests the following relief from the Defendant:

(a) Actual damages;

(b) Cancellation of the debt she allegedly owes to the Defendant, due to the Defendant's willful violations of this chapter, pursuant to W. Va. Code § 46A-5-105;

(c) Pursuant to W. Va. Code §§ 46A-5-101(1) & 106, civil penalties of $4400 for each individual statutory violation listed above;

(d)     Reasonable attorney fees and costs pursuant to W. Va. Code § 46A-5-104;

(e)     Punitive damages; and

(f)     Such other relief as the Court deems equitable and just.

**A JURY TRIAL IS DEMANDED**

                                            **MILDRED THORNTON**
By Counsel

/s Sean W. Cook
Sean W. Cook (Bar #10432 )
Meyer Ford Glasser & Radman
120 Capitol Street
Charleston, WV 25301
(304) 345-3900
(304) 345-0270-f