# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

MILDRED THORNTON,

        Plaintiff,

v.                                     CIVIL ACTION NO. 3:10-0943

FIRST NATIONAL CREDIT
CARD CENTER,

        Defendant.

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant First National Credit Card Center's Motion to Set Aside Default. [Doc. No. 14]. Also pending is Plaintiff's Motion for Damages, Attorney Fees and Costs. [Doc. No. 12]. For the following reasons, the Court **GRANTS** the motion of Defendant and **DENIES** the motion of Plaintiff.

On July 22, 2010, Plaintiff, Mildred Thornton, filed a Complaint in this Court against First National Bank Credit Card Center, Inc. In her Complaint, Plaintiff asserts she had a VISA credit card account with Defendant and, in attempting to collect on her account, Defendant committed various illegal debt collection practices, the tort of outrage, and invasion of privacy. According to the West Virginia Secretary of State's Office, a copy of the Complaint was delivered by certified mail on August 1, 2010, to an address in Omaha, Nebraska. The Complaint was signed for by Scott J. Loftus, a mailroom employee of First National Bank of Omaha.

According to Affidavits submitted by Aaron Lamski, Corporate Counsel for First National Bank of Omaha, he became aware of the lawsuit on August 3, 2011 [sic].[1] However, Mr. Lamski recognized that the named Defendant on the Complaint, First National Bank Credit Card Center, Inc., was not the same entity as First National Credit Card Center, which was a subsidiary of First National Bank of Omaha.[2] Mr. Lamski states there are many banks with similar names and it is not uncommon for his clients to be mistakenly identified as a party in civil actions. Therefore, he researched whether Plaintiff was a customer or had an account with First National Bank of Omaha or any of its subsidiaries. Mr. Lamski determined that Plaintiff is not a credit card customer of First National Bank of Omaha or any of its subsidiaries, nor did First National Bank of Omaha ever have any communications with Plaintiff or attempt to collect upon her credit card debt. Instead, Mr. Lamski states that Plaintiff's credit card was issued by First National Bank Fort Pierre, South Dakota. According to Mr. Lamski, First National Bank of Omaha had a contractual relationship with Plaintiff's card issuer to provide a mailbox for receipt of its payments. However, First National Bank of Omaha did nothing more than provide a mailbox, and it played no role in any debt collections against Plaintiff.

After learning of the identity of the credit card issuer, Mr. Lamski avers that he attempted contact with Plaintiff's counsel more than fifteen times to get the situation corrected. However, Defendant never filed an Answer to the Complaint, a motion to dismiss, or any other

---

[1] It appears that 2011 is a typographical error and the date should have been written as 2010.

[2] On December 31, 2010, First National Credit Card Center was dissolved into First National Bank of Omaha.

notice of its position with the Court. Therefore, the Court was completely unaware of Defendant's contention that it was misidentified as a party in this action. Accordingly, on October 19, 2010, this Court entered default against Defendant and directed Plaintiff's counsel to file the appropriate motion and affidavits, or to arrange for the necessary evidentiary hearing, to facilitate the entry of default judgment. Plaintiff complied with the Court's Order on November 9, 2010, by filing her Motion for Damages, Attorney Fees, and Costs. On January 6, 2011, this Court scheduled a hearing on Plaintiff's motion for February 22, 2011, at 9:30 a.m.

The day prior to the scheduled hearing, which was a federal holiday, Defendant filed its Motion to Set Aside Default and a Motion to Stay Proceedings Pending Resolution of Motion to Set Aside Entry of Default. The Court learned of the motion just moments before the hearing was to begin on Plaintiff's motion. Given Defendant's last-minute filings, the Court granted Defendant's Motion to Stay and cancelled the damage hearing pending resolution of the default. Plaintiff has not responded to Defendant's Motion to Set Aside Entry of Default, and the time period for doing so has now expired. Therefore, the Court will rule upon the motion.

Defendant asserts the default should be lifted for three reasons: (1) good cause exists under Rule 55(c) of the Federal Rules of Civil Procedure; (2) it was entered as a result of mistake and/or excusable neglect and fairness requires the default be set aside under Rule 60(b) of the Federal Rules of Civil Procedure; and (3) personal jurisdiction does not exist as Defendant was misidentified in the style of the case and there was improper service of process. For the following

reasons, the Court agrees that good cause exists under Rule 55(c) to lift the default. Therefore, the Court declines to address the other two arguments made by Defendant.

Pursuant to Rule 55(c), "[t]he court may set aside an entry of default for good cause . . . ." Fed. R. Civ. P. 55(c), in part. The Fourth Circuit has long held that Rule 55(c) motions must "be liberally construed in order to provide relief from the onerous consequences of defaults and default judgments." *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir.1969) (citations omitted). Factors to be considered in deciding whether entry of default should be set aside include "whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204-05 (4th Cir. 2006).

In considering these factors in this case, the Court finds Defendant bears responsibility in the Court entering default against it. Defendant knew of this action more than two and one-half months before entry of default. Although Defendant appears to have attempted to contact Plaintiff's counsel and work out the issues, it never filed an Answer, a motion to dismiss, or any other pleading notifying the Court of its position. Instead, it waited until the absolute last moment before a scheduled default judgment hearing to file its motion to have the entry of default set aside. The Court certainly appreciates the fact in-house counsel was trying to resolve issues with Plaintiff's counsel. However, it does not relieve counsel from filing an Answer or otherwise notifying the Court of its position. The result wasted the Court's time and caused Plaintiff's counsel

to go through the efforts of filing her Motion for Damages, Attorney Fees and Costs and appearing for a hearing that this Court cancelled after learning of Defendant's motion.

Having found Defendant bears responsibility for the current posture of this case, the Court finds the other factors under Rule 55(c) fall in its favor. Defendant has raised a potential meritorious defense as it claims it was improperly named as a Defendant and played no role in issuing or collecting on the credit card issued to Plaintiff. Likewise, the Court finds there is little prejudice to Plaintiff as this case remains in the very early stages of litigation. Finally, the Court finds less drastic sanctions are available in terms of awarding attorney's fees and costs in favor of Plaintiff.

In light of this Court's obligation to liberally construe Rule 55(c) and in weighing Defendant's responsibility in the entry of default against the factors which fall in Defendant's favor, the Court finds default should be lifted and, therefore, **GRANTS** Defendant's motion and **LIFTS** the current stay. The Court **DIRECTS** Defendant to file a responsive pleading or defensive motion to Plaintiff's Complaint on or before **May 6, 2011**. As the entry of default has been set aside, the Court **DENIES AS MOOT** Plaintiff's Motion for Damages, Attorney Fees and Costs. The Court further finds, however, that Plaintiff should be compensated for the time and expenses her counsel experienced in preparing her Motion for Damages, Attorney Fees and Costs and for preparing and attending the scheduled hearing on February 22, 2011. Therefore, the Court **AWARDS** attorney fees and costs to Plaintiff and **DIRECTS** Plaintiff's counsel to submit a summary of his time,

expenses, and hourly rate to the Court on or before **May 6, 2011**. If Defendant objects to the reasonableness of Plaintiff's summary, Defendant must file its objection on or before **May 13, 2011.**

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

        ENTER:        April 25, 2011

        ROBERT C. CHAMBERS
        UNITED STATES DISTRICT JUDGE