IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

**HUNTINGTON DIVISION**

MILDRED THORNTON,

            Plaintiff,

v.                                                  CIVIL  ACTION  NO.  3:10-0943

FIRST NATIONAL CREDIT
CARD CENTER,

            Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending are Defendant's Motion to Dismiss (ECF No. 24) and Plaintiff's Motion for

Attorney Fees and Costs (ECF No. 23).  For the reasons set forth in this order, the Court **GRANTS**

Defendant's motion and **GRANTS in part** Plaintiff's Motion.

**I.  Defendant's Motion to Dismiss**

Defendant First National Credit Card Center, Inc. ("FNCCC") moves to dismiss Plaintiff's

complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be

granted.[1]  Defendant argues that Plaintiff identified the wrong financial company as the issuer of the

credit card account that is the subject of this litigation.  *See* ECF No. 24 at 1.  Defendant's parent

company is the First National Bank of Omaha, but Plaintiff's credit card was issued by a different

First National Bank– one located in South Dakota.  Def.'s Mem. in Support at 2-3, ECF No. 25.

---

[1] The events giving rise to this litigation are detailed in this Court's April 25, 2011
Memorandum Opinion and Order (ECF No. 22).

Defendant did have a contractual relationship with the actual issuer of Plaintiff's credit card wherein Defendant maintained a postal lockbox to which customers of that issuer could send payments. *Id.* at 3. However, Defendant had no role in the issue or management of Plaintiff's credit card account, nor did Defendant participate in the collection efforts that Plaintiff complains of in this litigation. *Id.* at 4-6. Plaintiff does not substantially contest Defendant's account of the actual relationship between Plaintiff and Defendant. Plaintiff instead "acknowledges that the claims contained in the Complaint as it is currently drafted may not correctly identify the basis for the current Defendant's liability." Pl. Resp. at 2, ECF No. 28.

### A.  Applicable Law & Result

To survive a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists when a claim contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). Additionally, when resolving a motion to dismiss, a court must construe factual allegations in the light most favorable to the non-moving party. *Robinson v. American Honda Motor Co.*, 551 F.3d 218, 22 (4th Cir. 2009).

In this case, all of Plaintiff's allegations stem from the allegation that Defendant issued a credit card to Plaintiff. *See* Complaint ¶ 5, ECF No. 1. Even viewing the facts in the light most favorable to Plaintiff, the Court cannot reasonably infer that this root allegation is plausible. Plaintiff did not refer to Defendant by its proper name in initial pleadings, Plaintiff has offered no evidence that its credit card account was held or managed by Defendant, and Plaintiff now admits

that the Complaint incorrectly identifies Defendant's relationship to the credit card account at issue. *See* Pl. Resp. at 2, ECF No. 28.  In short, Plaintiff has failed to plead any facts giving rise to a facially plausible claim against Defendant, and so the complaint cannot survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  *See Ibrahim v. Plateau Med. Ctr.*, No. 5:05-0259, 2006 WL 456086, at *1 (S.D.W. Va. Feb. 26, 2006) (Faber, C.J.) (citing *Stickler v. Waters*, 989 F.2d 1375, 1390 (4th Cir.1993); *Franklin v. Norfolk & W. Ry. Co. v. U.S. Steel Mining Co.*, 694 F.Supp. 196, 197 (S.D.W. Va. 1988)).  Defendant's motion to dismiss for failure to state a claim is **GRANTED**.

## II.  Plaintiff's Motion for Attorney Fees and Costs

In its April 25, 2011 Memorandum Opinion and Order (ECF No. 22), the Court awarded attorney fees and costs to Plaintiff for work relating to Plaintiff's first Motion for Damages and the February 22, 2011 hearing.  The Court directed Plaintiff to submit a summary of "the time and expenses her counsel experienced in preparing her Motion for Damages, Attorney Fees and Costs and for preparing and attending the scheduled hearing on February 22, 2011."  Apr. 25, 2011 Order at 5, ECF No. 22.  Defendant objects to Plaintiff's filing, arguing that the request is insufficiently supported and should be rejected in its entirety, or, alternatively, that the request should be reduced to a "reasonable amount."  Def.'s Resp. at 1, ECF No. 27.

### A. Background

The Court's April 25 Order awarded Plaintiff attorney fees and costs as an alternative, less severe sanction that the default that had been entered against Defendant under Fed. R. Civ. P. 55(c) (ECF No. 11.).  The Court may consider several factors in determining whether to set aside a default, including "whether the moving party has a meritorious defense, whether it acts with reasonable

promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic.'" *Payne v. Brake*, 439 F.3d 198, 205 (4th Cir. 2006); *see also Chaffin v. NiSource, Inc.*, No. 3:09-0870, 2008 WL 4811028, at * 3 (S.D.W. Va. Nov. 3, 2008); *Hanson & Morgan Livestock, Inc.*, *v. 84 Cattle Co.*, No. 5:07-0330, 2007 WL 4305606, at *2 (S.D.W. Va. Dec. 7, 2007). The Court found it proper to set aside the default for reasons explained in the April 25 Order. *See* Apr. 25, 2011 Order at 4-5, ECF No. 22. The Court instead required that the Defendant pay Plaintiff's attorney fees and costs associated with preparing its motion for sanctions and fees and attending the February 22, 2011 hearing. This award was a "less drastic" option than entering default, one that appropriately sanctioned Defendant's failure to cooperate with the proceedings against it before default was entered. *See* Apr. 25, 2011 Mem. Op. at 4 (finding Defendant "bears the responsibility in the Court entering default against it."); *see also Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 953-54 (4th Cir. 1987); *Chaffin,* 2008 WL 4811028 at * 4 (setting aside default but awarding Plaintiff attorney fees because Defendant was dilatory in responding to proceedings and failed to notify the court of expected delays).

In setting aside the default and awarding attorney fees and cost, the Court directed Plaintiff's counsel to "submit a summary of his time, expenses, and hourly rate to the Court;" if "Defendant object[ed] to the reasonableness of Plaintiff's summary," it could file an objection. Apr. 25, 2011 Mem. Op. at 5-6, ECF No. 22. Defendant has so objected.

Examining Defendant's objections, the Court notes as a preliminary matter that the attorney fees and costs at issue were awarded pursuant to neither Plaintiff's own motion nor to any statutory fee shifting scheme (*e.g.*, 28 U.S.C. § 1447(c); 29 U.S.C. § 1132(g)). Rather, the sanction was

-4-

awarded under the Court's inherent authority, *see Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991) and the Court's authority under Fed. R. Civ. P. 55(c).  However, even applying the principles used in evaluating attorney fees in other contexts,[2] the majority of Plaintiff's billing is reasonable and survives Defendant's objections.

### B. Defendant's Objections

Plaintiff requests recompense for 14.1 hours of attorney Sean Cook ("Mr. Cook")'s time, billed at $225 an hour, and his costs for travel to Huntington for the February 22, 2011 hearing.  Pl. Mot. for Fees 2 Ex. 1, ECF 23.  Documentation submitted to the Court in support of this request lists six separate billing occasions for the hourly work, and meters that billed time in tenths of hours.  *Id*. Each entry includes a description of the task performed.  The billing report appears to be a printout from the timekeeping system used by Mr. Cook's law firm.  The total amount submitted to the Court is $3,172.50 in fees and $54.06 in costs.

---

[2] The usual calculation of a proper attorneys' fee begins with the "lodestar" formula by multiplying the number of hours reasonably expended by a reasonable hourly rate.  *Brodziak v. Runyon*, 145 F .3d 194, 196 (4th Cir.1998).  The Court applies the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir.1974), in determining whether the hours and rate submitted are reasonable.  *Daly v. Hill*, 790 F.2d 1071, 1077 (4th Cir.1986).  The twelve factors identified in Johnson include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  *Johnson*, 488 F.2d at 717-19.  An examination of these factors is not necessary in this case but would lead to the same conclusion as the Court here reaches.

Defendant argues that Plaintiff has not demonstrated that her fee request is reasonable because 1) the billing events are not described in sufficient detail; and 2) the hourly rate billed is too high.[3]

First, Defendant argues that Mr. Cook's billing entries are not specific enough to allow Defendant or this Court to evaluate the reasonableness of the time billed. For example, Defendant argues that the 3.1 hours billed November 8, 2010, for "drafting and preparation of motion; research of WV Consumer Protection Act re: damages and attorney fees/cost" is insufficiently specific and "fails to specify the amount of time devoted to 'drafting' as opposed to 'performing research.'" *See* Def. Resp. at 3, ECF No. 27. However, drafting and research often overlap. The Court believes that these billing records, particularly since they were provided in response to a request for a "summary," are sufficiently detailed.

Defendant's own case citations support this conclusion. Defendant poses that a "mere general listing of hours completed is wholly unacceptable," Def.'s Resp. at 2, but Plaintiff provided a breakdown of all hours by date and task. Defendant also cites cases where courts found descriptions of tasks such as "research" and "legal issues" too vague, but here Plaintiff identified the task and the topic or participants in each billed event. Additionally, the fee request does not cover the time of multiple lawyers or involve an excessive number of hours. Although even modest

---

[3] In general, a movant has the burden of establishing the reasonableness of requested attorney fees. *See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). In this case, the Court denied Plaintiff's motion for fees, but awarded fees of its own volition as a substitute for entering a default against Defendant under Fed. R. Civ. P. 55(c). Although the Plaintiff's request as submitted appears sufficient to meet the burden of proving reasonableness, the Court notes that the Plaintiff here is not so burdened.

fee awards may be reduced when unreasonable or unwarranted,[4] the Court must be especially wary of hours that are excessive, redundant, or otherwise unnecessary. *See Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983). For example, where multiple lawyers are working on the same case or the total number of hours claimed is very high, complications may arise. *See, e.g.*, *Allen v. Monsanto*, No. 2:05-0578, 2007 WL 1859046, at *1 (S.D.W. Va. Jun. 26, 2007) (seven lawyers billing 179.75 hours unreasonable, particularly given billings for events such as when "four lawyers spent over thirty-two hours on telephone conferences, with twenty of these hours in conferences amongst themselves."). This case is not so complicated. Despite Defendant's assertions that Mr. Cook required 14.1 hours complete the tasks listed only because of his youth and inexperience, *see* Def.'s Resp. at 6, there is nothing particularly unreasonable about one attorney spending 14 hours to research, draft, and finish a motion, meet with his client about it, prepare for a hearing, attend that hearing, and travel to and from the hearing.

Defendant's second objection is that Mr. Cook's hourly rate of $225 is unreasonable. In Plaintiff's initial motion for damages and attorney fees, she sought a rate of $205 per hour for Mr. Cook's work. Pl. Mot. for Fees 1 Ex. 3, ECF No. 12. In the fee and cost summary submitted to the Court after fees were awarded, the rate sought was $225 per hour. *See* Pl. Mot. for Fees 2 Ex. 1, ECF No. 23. Although the Court has exempted Plaintiff from the full burden of proof of fees given the posture of this case, Plaintiff would need to provide some evidence that the increased rate is reasonable to justify the increase. For example, Plaintiff could have submitted evidence, such as an affidavit, that his $225 rate is reasonable. Without such evidence, the Court turns to recent decisions

---

[4] *Cf. Central Cab Co. v. Cline*, 972 F.Supp. 370, 374 (S.D.W. Va. 1997) (reducing 15.5 hour claim to 10).

in the "relevant community" to determine a reasonable market rate for Mr. Cook's services and concludes that $205 per hour is a more appropriate rate for an associate practicing in a relatively routine matter. Where fees are awarded under fee-shifting statutes, the "reasonable hourly rate is one consistent with the market rate in the district in which the trial court sits." *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir.1990). The court therefore compares the skill and experience of the prevailing attorneys to similar lawyers of comparable skill, reputation, and experience within the relevant community in determining whether the claimed fee is reasonable. *Blum v. Stenson*, 465 U.S. 886, 895 n. 11 (1984). Using this analysis to determine a reasonable rate in this case, $225 appears to be a relatively high hourly rate. *See Mills. v. East Gulf Coal Prep. Co.*, No. 5:08-0260, 2010 WL 1050359, at *6 n.3 (S.D.W. Va. Mar. 18, 2010) ($225 per hour "at the high end of reasonable in the Beckley legal community."); *Allen v. Monsanto Co.*, 2007 WL 1859046 at *2 (S.D.W. Va. Jun. 26, 2007) (hourly rates ranging from $250 per hour to $550 per hour excessive compared to the Charleston market); *Haught v. Louis Berkman, LLC, W. Va.*, No. 5:03-0109, 2006 WL 344917, at *2 (N.D.W. Va. Feb. 13, 2006) ($250 reasonable rate for lead counsel in Wheeling); *Bostic v. Am.Gen. Finance, Inc*., 87 F. Supp. 2d 611, 619 (S.D.W. Va. 2000) ($250 at high end of Charleston legal community). Absent any support for Plaintiff's increased rate of $225, the Court finds the earlier $205 hourly rate is appropriate in this case.

### III. Conclusion

For the reasons given in this Memorandum Opinion and Order, the Court **GRANTS** Defendant's Motion to Dismiss (ECF 24) and the case is **DISMISSED without prejudice**. The Court **GRANTS in part** and **DENIES in part** Plaintiff's Motion for Fees (ECF 23). Consistent with

-8-

this Court's April 25, 2011 Order (ECF No. 22), the Court therefore **ORDERS** Defendant to pay

Plaintiff attorney fees based on a $205 hourly rate for the 14.1 hours billed, and costs as submitted

in Plaintiff's second Motion for Attorney Fees and Costs (ECF No. 23).  The payment owed is

therefore 14.1 hours at $205 per hour ($2890.50) plus $54.06 in costs, for a total of **$2944.56**.  The

Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented

parties.

ENTER:          October 31, 2011

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE